**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| TICOREY DONTA HARDEN, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:12-CR-11-CDL-MSH |
| | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

_____

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's motions seeking relief under 28 U.S.C. §

2255 (ECF Nos. 60, 67) and Respondent's motion to dismiss the same (ECF No. 70).  For

the reasons explained below, it is recommended that Respondent's motion be granted and

Petitioner's motions for relief be dismissed.

## BACKGROUND

On January 31, 2013, Petitioner pled guilty to one count of distribution of cocaine

base, in violation of 21 U.S.C. § 841.  Plea Agreement, ECF No. 19.  He was sentenced to

188 months imprisonment and 4 years supervised release on May 30, 2013.  J. 1-3, ECF

No. 29.  Judgment was entered against him on June 3, 2013.  *Id.*  On April 18, 2014, in

response to the Government's Rule 35 motion, the Court amended the judgment entered

against Petitioner, reducing his term of imprisonment to 151 months.  Am. J. 2, ECF No.

51.

Petitioner filed his original motion for relief under § 2255 on June 21, 2016 (ECF No. 60). That same day, the Court appointed attorney David Roberts to review Petitioner's eligibility for relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). In response to this Court's order, Petitioner submitted his latest motion for relief under § 2255 on August 4, 2016 (ECF No. 67). Respondent moved to dismiss Petitioner's motion on October 25, 2016 (ECF No. 70). Petitioner responded to that motion to dismiss on November 26, 2016, and Respondents replied to Petitioner's response on November 30, 2016 (ECF Nos. 72, 73).

## DISCUSSION

Petitioner's claim for relief is based on his contention that his sentence is unlawful because his guideline calculation included a career offender enhancement under United States Sentencing Guidelines ("USSG") § 4B1.1. Am. Mot. to Vacate 3, ECF No. 67. Because the Supreme Court's decision in *Beckles v. U.S.*, 137 S. Ct. 886 (2017) precludes his argument, Petitioner's claim for relief should be dismissed.

**I.      *Johnson, Beckles,* and Petitioner's Motion**

In *Johnson*, the Court determined that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. The Court had previously grappled with the residual clause's language but had not found it unconstitutional. *See, e.g.*, *James v. United States*, 550 U.S. 192, (2007). However, difficulties in interpreting the clause convinced the Court "that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges."

*Johnson*, 135 S. Ct. at 2557.  Thus, the residual clause was found "unconstitutionally vague."  *Id*.  "[A]pplication of the [ACCA] to the four enumerated offenses, [and] the remainder of the Act's definition of a violent felony" remained valid.  *Id*. at 2563.

In March 2017, the Court held that—unlike the ACCA's residual clause—the USSG are not subject to void-for-vagueness challenges.  *Beckles* 137 S. Ct. at 894.  The petitioner in *Beckles* contended that USSG § 4B1.2(a), which contained an "identically worded residual clause" to the ACCA's, was unconstitutionally vague.  *Beckles*, 137 S. Ct. at 890. He believed—as does the Petitioner here—that the Court's ruling in *Johnson* necessitated the vacating of his sentence.  The Court disagreed.  It reasoned that unlike the ACCA, "the [USSG] do not fix the permissible range of sentences . . . they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Beckles*, 137 S. Ct. at 892.  That difference rendered the USSG immune from the kind of void-for-vagueness challenge that was successful in *Johnson*.  *Id*. ("Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause.  The residual clause in [USSG] § 4B1.2(a)(2) therefore is not void for vagueness."

Petitioner has acknowledged that the Supreme Court's decision in Beckles would "provide the Court a guide to review" his motion for relief.  Resp. to Mot. to Dismiss 2, ECF No. 72.  However, the guidance provided by *Beckles* forecloses his argument for relief.  Accordingly, it is recommended that Respondent's motion to dismiss be granted and Petitioner's motions seeking relief under § 2255 be dismissed.[1]

---

[1]  The Court notes that Respondent briefly asserts that Petitioner's original motion for relief under § 2255 was "an untimely pro se [] motion" but does not make any further argument regarding

**II.    Certificate of Appealability**

A district court considering a §2255 motion "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing Section § 2254 and § 2255 Cases in the United States District Courts R. 11(a).  A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  If a court denies a collateral motion on the merits, this standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a court denies a collateral motion on procedural grounds, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 478.  Petitioner cannot meet either of these standards and, therefore, a certificate of appealability should not be issued here.

<strong>CONCLUSION</strong>

For the reasons explained above, it is recommended that Respondent's motion to dismiss (ECF No. 70) be granted and Petitioner's motions for relief under 28 U.S.C. § 2255 (ECF No. 60, 67) be dismissed.  It is also recommended that a certificate of appealability be denied.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within

---

timeliness.  Mot. to Dismiss 2, ECF No. 70.  Because Petitioner's argument is foreclosed by *Beckles*, the Court similarly will not address the issue of timeliness in depth.

fourteen (14) days after being served with a copy hereof. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 7th day of June, 2019.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE